UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AVON PLASTICS, INC.,                      )
                                          )          Civil Action No. _____
                    Plaintiff,            )
v.                                        )          Jury Trial Demanded
                                          )
PATRICIAN PRODUCTS, INC.,                 )
                                          )
                    Defendant.            )
_____  )

## COMPLAINT

Avon Plastics, Inc. ("Avon"), through undersigned counsel, sues defendant

Patrician Products, Inc. ("Patrician"), for infringement of the trade dress associated with

Plaintiff's landscape edging products and alleges as follows:

### Preliminary Statement

1.      Several years ago, Avon introduced to the public certain landscape edging

products called THE CONTRACTOR and THE PROFESSIONAL. Avon markets these

products to homeowners and landscape contractors.  These landscape edging products

have enjoyed significant sales and an enormous amount of success.

2.      Defendant, seeking to capitalize on the renown of Avon's landscape

edging products, began advertising, promoting and selling landscape edging products in

association with confusingly similar labels.

3.      Defendant's landscape edging products are distributed in the same retail

stores and to the same classes of customers as Avon's landscape edging products.

1

4.      Avon seeks injunctive and monetary relief with respect to Defendant's deliberate activities that mislead and confuse customers about the source, sponsorship and affiliation of its landscape edging products and that trade upon the goodwill of Avon's trademark and trade dress rights.

**The Parties**

5.      Avon is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business at 30 East Railroad Avenue, Albany, Minnesota 56307-0662.

6.      Upon information and belief, Defendant Patrician Products, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 100 Frank Road, Hicksville, New York 11801.

**Jurisdiction and Venue**

7.      This is an action for false designation of origin in violation of Section 43(a) of the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1125(a) and various state law claims.

8.      This Court has original jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(b), has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this is a controversy between citizens of different States and the

2

amount in controversy exceeds $75,000, exclusive of costs, and has supplemental

jurisdiction under 28 U.S.C. § 1367(a).

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).


## GENERAL ALLEGATIONS

### Avon's Unique Trade Dress Distinguishes Avon's Line of Landscape Edging Products

10.     Avon manufactures, or has manufactured by others to its technical

specifications, a range of landscape edging products that it sells to retail stores and

distributors.

11.     Avon's products are advertised and sold to homeowners and landscape

contractors, as well as to distributors and retail stores for resale to homeowners and

landscape contractors.  Avon has earned a reputation in the industry and among

consumers for producing products of high quality.

12.     Since at least as early as 2000, Avon has promoted and sold a line of

landscape edging products in association with certain labels featuring the trademarks

"THE CONTRACTOR" and "THE PROFESSIONAL."  These labels are distinctive and

recognizable, and are depicted in Exhibits A and B (the "Labels").

13.     Avon's landscape edging products have a unique, distinctive, and

recognizable configuration and trade dress, which serve no function other than to

distinguish Avon's line of landscape edging products from competitors' products.

14. The distinguishing features of Avon's trade dress for its landscape edging include:

- The words, in all capital letters, CONTRACTOR and PROFESSIONAL.

- The use of a similar font, style, and shadowing of the words CONTRACTOR and PROFESSIONAL.

- The photographic depiction of a green grass background behind the words CONTRACTOR and PROFESSIONAL.

- The yellow lettering and background color of the CONTRACTOR label.

- The red lettering and background color of the PROFESSIONAL label.

- The four small square photographs to illustrate the installation of the edging.

- The shape and size of the labels.

15. Avon has continuously and extensively sold and promoted its landscape edging products associated with the Labels throughout the United States and internationally.

16. By virtue of Avon's extensive sales, advertising and promotion of these products, Avon's PROFESSIONAL and CONTRACTOR landscape edging products have become known and have acquired trademark significance.

4

**Defendant "Cashes In" on Avon's Success**

17.     Patrician is promoting and offering for sale certain landscape edging products which are sold with labels that appear to be copied from the design of Avon's labels, and which incorporate virtually every non-functional, distinctive feature of Avon's Labels.  Patrician's labels are shown in Exhibits C and D.

18.     Patrician's labels incorporate all the distinctive features of Avon's labels, including:

- The words, in all capital letters, CONTRACTOR and PROFESSIONAL.

- The use of a similar font, style, and shadowing of the words CONTRACTOR and PROFESSIONAL.

- The photographic depiction of a green grass background behind the words CONTRACTOR and PROFESSIONAL.

- The yellow lettering and background color of the CONTRACTOR label.

- The red lettering and background color of the PROFESSIONAL label.

- The four small square photographs to illustrate the installation of the edging.

- The shape and size of the labels.

19.     The conduct of Patrician is without license, right or authority from Avon. Patrician's attempts to confuse the public by imitating Avon's trade dress are deliberate and intentional.

5

20.     Patrician, on information and belief, began using the labels depicted in Exhibits C and D in the spring of 2003, well after Avon began using the labels depicted in Exhibits A and B.

21.     Upon information and belief, Patrician adopted the trade dress depicted in Exhibits C and D with full knowledge of Avon's prior use and prior rights in the Trade Dress and Trademarks for similar and identical goods.

22.     In 2003, Lowe's national chain of home improvement stores discontinued its purchase of Avon's products bearing the Labels of Exhibits A and B and began purchasing Defendant's products bearing the labels of Exhibits C and D.

23.     Through correspondence, Patrician has been made aware of Avon's long prior use of its trademarks and trade dress in connection with landscape edging products. Despite this express notice of Avon's rights in the trade dress and trademarks, and the express notice of the infringement created by Patrician's activities, Patrician has refused to stop using the trade dress and trademarks depicted in Exhibits C and D.

24.     The Defendant has used marks confusingly similar to Plaintiff's "THE CONTRACTOR" and "THE PROFESSIONAL" marks in connection with the advertising promotion, and/or sales of goods identical to the goods of Plaintiff without the consent of Plaintiff in a manner that is likely to cause confusion, to cause mistake, or to deceive as to source or origin among purchaser of those goods.

## COUNT I

## <u>FEDERAL TRADEMARK INFRINGEMENT</u>

25.     Avon restates the allegations set forth above and incorporates those allegations as if fully stated herein.

26.     This claim arises under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq.*

27.     Plaintiff Avon Plastics, Inc. adopted the marks THE CONTRACTOR and THE PROFESSIONAL and used them in interstate commerce for plastic products, namely, lawn edgings and landscape edgings.  On September 29, 2003, Avon filed two applications for registration of THE CONTRACTOR and THE PROFESSIONAL in the United States Patent and Trademark Office.  On August 17, 2004 and August 10, 2004, THE CONTRACTOR and THE PROFESSIONAL were registered in the United States Patent and Trademark Office respectively on the Principal Register under the Act of 1946.  The registrations cover the use of the marks on plastic products, namely, lawn edgings and landscape edgings.  Copies of U.S. Registration No. 2,874,149 for THE CONTRACTOR and U.S. Registration No. 2,871,361 for THE PROFESSIONAL are attached hereto and marked as Exhibits E and F respectively.  The registrations were issued and are now in compliance with law.

28.     Defendant Patrician Products has infringed Plaintiff's federally registered marks in interstate commerce by various acts, including, but not limited to, selling, offering for sale, and advertising of landscape edging products under the names CONTRACTOR and PROFESSIONAL.  This use of the names and marks by Defendant

7

is without permission or authority of Avon, and this use by Defendant is likely to cause confusion, cause mistake, and deceive.

29.    Since on or about October 2, 2003, plaintiff Avon has given constructive or actual notice, or both, of its trademark rights, and has requested that Defendant cease and desist from its acts of trademark infringement and other unlawful acts, but Defendant has refused to cease such acts.

30.    The acts of Defendant Patrician Products complained of above are infringing upon Avon's registered trademarks Nos. 2,874,149 and 2,871,361 in violation of U.S.C. § 1114.

31.    The acts of Defendant Patrician Products complained of above are deceptive, and likely to confuse, deceive or cause mistake.  Upon information and belief, Defendant's acts were committed with intent to confuse, deceive or cause mistake.

32.    The acts of Defendant Patrician Products complained of above have injured Plaintiff and continue to injure Plaintiff Avon, and unfairly benefit Defendant, in an amount to be determined at trial.

33.    The acts of Defendant Patrician Products complained of above have caused Plaintiff Avon irreparable harm and will continue to do so if not enjoined.

**COUNT II**

**<u>FEDERAL UNFAIR COMPETITION</u>**

34.    Avon restates the allegations set forth above and incorporates those allegations as if fully stated herein.

8

35.     This claim arises under the unfair competition laws of the United States, 15 U.S.C. § 1125(a).

36.     As a result of the copying of the design and appearance of Avon's Labels, Patrician's landscape edging products are confusingly and deceptively similar to Avon's landscape edging products.  In addition, such copying is likely to result in confusion, mistake or deception among purchasers and prospective purchasers as to the source or origin of the infringing landscape edging products.

37.     Patrician is promoting and offering the infringing landscape edging products for sale in Minnesota and is aware that the landscape edging products infringe Avon's trade dress.

38.     Patrician's acts are ongoing, have caused, and will continue to cause Avon irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

39.     The actions of Patrician are undertaken for the purpose of, and with the intent of, trading upon the goodwill associated with Avon's landscape edging products, of passing off Patrician's products as emanating from Avon, and of confusing purchasers and prospective purchasers as to the source or origin of Patrician's products.

40.     Plaintiff has been damaged by the actions of the Defendant in an amount which is undetermined.  If the acts of Defendant are allowed to continue, the Plaintiff will continue to suffer irreparable injury for which it has no adequate remedy at law.

41.     The Defendant's acts constitute unfair competition and a willful false designation or origin and misrepresentation in violation of 15 U.S. C. § 1125(a).

42.     This is an exceptional case.

## COUNT III

## <u>STATE TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION</u>

43.     This cause of action arises under Minnesota's law of trademark infringement and unfair competition.  Jurisdiction is founded upon 28 U.S.C. § 1332 or alternatively, under supplemental jurisdiction as stated in 28 U.S.C. § 1367 or upon principles of pendent and ancillary jurisdiction.

44.     Plaintiff re-alleges and incorporates the allegations set forth above.

45.     Defendant's activities complained of constitute infringement of Plaintiff's statutory and common law trademark rights in the state of Minnesota and unfair competition.

## COUNT IV

## <u>DECEPTIVE TRADE PRACTICES ACT</u>

46.     This cause of action arises under the Minnesota or other state Deceptive Trade Practices Act, Minn. Stat. § 325D.43 *et seq.* or other appropriate statute. Jurisdiction is founded on 28 U.S.C. § 1332 or, alternatively, upon principles of supplemental, pendent, and ancillary jurisdiction.

47.     Plaintiff realleges and incorporates herein the allegations contained above.

48.     Defendant's activities complained of constitute violations of the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.43 *et seq.* or other applicable statute

## COUNT V

## UNLAWFUL TRADE PRACTICES ACT

49.     The cause of action set forth herein arises under the Minnesota Unlawful

Trade Practices Act, Minn. Stat. § 325D.09 *et seq.*, or other applicable state law.

Jurisdiction is founded on 28 U.S.C. § 1332 or, alternatively, upon principles of

supplemental, pendent, and ancillary jurisdiction.

50.     Plaintiff realleges and incorporates herein the allegations set forth above.

51.     Defendant's activities complained of constitute violations of the

Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.09 *et seq.* or other

applicable state statute.

## PRAYER FOR RELIEF

WHEREFORE, Avon prays that the Court enter an order:

A.  Preliminarily and permanently enjoining and restraining Defendant, its

directors, officers, agents, servants, employees, subsidiaries, affiliates, and all persons in

active concert or participation with, through, or under Defendant, at first during the

pendency of this action and thereafter perpetually:

1.  from committing any acts of unfair competition and from implying a false

    designation of origin or a false description or representation, and from diluting the

    distinctiveness with respect to Plaintiff's trade dress and trademarks.

2.  from committing any acts of unfair competition by passing off or inducing or

    enabling others to sell or pass off goods/services which are not Plaintiff's

    goods/services as those of Plaintiff;

11

3. from using in any manner packaging, labels, signs, literature, display cards, or other packaging, advertising, or promotional materials, or other materials related to the Defendant's goods/services, bearing any mark, word or name confusingly similar to Plaintiff's trade dress and trademarks;

4. from making any statements on promotional materials or advertising for the Defendant's goods/services which are false or misleading as to source or origin; and

5. from committing any acts of deceptive or unlawful trade practices calculated to cause members of the trade or purchasing public to believe that Defendant's goods/services are the goods/services of Plaintiff or sponsored by or associated with, or related to, or connected with, or in some way endorsed or promoted by Plaintiff under the supervision or control of Plaintiff.

B.  An order requiring that the Defendant deliver up to Plaintiff any and all labels, containers, signs, packaging materials, printing plates, and advertising or promotional materials and any materials used in the preparation thereof, which in any way unlawfully use or make reference to Plaintiff's trade dress and trademarks in connection with Defendant's goods/services.

C.  An order requiring that Defendant, within thirty (30) days after service of notice in entry of judgment or issuance of an injunction pursuant thereto, file with the Court and serve upon the Plaintiff's counsel a written report under oath setting forth details of the manner in which Defendant has complied with the Court's order pursuant to paragraphs A and B above.

D.  An order requiring Defendant to account and pay over to Plaintiff all damages sustained by Plaintiff, Defendant's profits, attorneys fees, and costs, and ordering that the amount of damages awarded Plaintiff be increased three times the amount thereof.

E.  Awarding Plaintiff such other relief as the Court may deem just and proper.

Dated: November 4, 2004                    **CRAWFORD MAUNU PLLC**


                                             s/Linda M. Byrne
                                           Linda M. Byrne (Bar No. 179309)
                                           Robert J. Crawford (Bar No. 246335)
                                           Attorneys for Plaintiff Avon Plastics, Inc.
                                           1270 Northland Drive, Suite 390
                                           St. Paul, MN 55120
                                           Telephone: (651) 686-6633
                                           Facsimile:  (651) 686-7111
                                           E-mail: lbyrne@ip-firm.com

13